| MOAN BERNARD ARMSTRONG, Chief Judge.
We grant the relators’ writ application in order to review the judgment of the trial court granting the respondents’ motion for partial summary judgment.
In 2001, the relators settled their claims against certain defendants in Texas litigation brought for the same injuries that are the subject of the instant Louisiana lawsuit. It is argued that those defendants are solidarily liable with respondents for the relators’ damages. In the Texas settlement, the relators did not reserve their rights against other solidary obli-gors.[1]
The respondents suggest that the Supreme Court’s holding in Cole v. Celotex Corp., 599 So.2d 1058 (La.1992) requires application of the law in effect at the time of the tortious acts complained of, Mr. Breaux’s exposure to asbestos in the 1960s, to the Texas judgment recognizing the release.
Prior to January 1, 1985, Louisiana law required settling parties who wished to pursue non-settling solidary obligors to include in their releases language reserving their rights against such obligors. See, Former LSA-C.C. art. 2203. Acts 1984, No. 331, § 1 vacated that article and enacted LSA-C.C. art. 1803. Official Revision Comment (e) to LSA-C.C. 1803 notes the abrogation of the rule of LSAjC.C.2 2203 (1970), according to which an obligee who remits a debt in favor of one solidary obligor without expressly having reserved his right against the others releases the solidary obligation. At the time the rela-tors confected the release in Texas, Louisiana law no longer required that this reservation of rights be included in the release to protect a settling plaintiffs right to pursue his or her claims against non-settling solidary obligors.
The critical distinction between the instant case and Cole is that Cole involved interpretation of tort laws. The issue before us involves contract law. Because the release at issue in this case is a contract, it is governed, absent an express provision in it to the contrary, by the law in effect at the time the release was executed. Laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written. Green v. New Orleans Saints, 2000-0795 p. 6 (La.11/15/2000), 781 So.2d 1199, 1203, citing Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 294 (La.1986). Since the release contains no such provision, the law in effect in 2001 controls the effect of the 2001 contract.[2]
While the trial court’s partial summary judgment is a reasonable extension of the Cole holding, an expansive reading of Cole approved on similar facts by the Court of Appeal, First Circuit in Hebert v. Anco, 2000-1929 (La.App. 1 Cir. 7/31/02), 835 So.2d 483, we are guided to a different result by two relevant decisions of the Louisiana Supreme Court.
*38 In Waits v. American Optical Corp., 1998-0455 (La.9/8/99), 740 So.2d 1262, the court rejected an extension of Cole to wrongful death actions. The court | ¡¡noted that Cole should not be read so expansively as to require all long-latency occupational lung diseases to be governed by all laws in effect on the date the victim was exposed to the disease causing agent. Walls at page 10, 740 So.2d at 1270. The facts of each individual case will dictate the law to be applied. Because Walls was a wrongful death claim, rather than a direct tort claim like Cole, the court held that since the wrongful death claim arose only after decedent’s death, the controlling event was not exposure to asbestos, but rather the decedent’s death, applying the law in effect at the time of death. Thus, the court held that a 1976 amendment to LSA-R.S. 23:1032 establishing executive officer immunity should be applied prospectively to the surviving plaintiffs’ wrongful death action that arose when the decedent died, after the amendment’s effective date. Significantly, the court held that the decision in Cole turned on unique language in the LCFL not present in the amendment to LSA~R.S.23:1032.
Similarly, in Landry v. Avondale Industries, 03-3432, 03-3434 and 03-3435 (La.7/2/04), 877 So.2d 970, a wrongful death action commenced after decedent’s demise in 2002 from mesothelioma allegedly contracted as a result of asbestos exposure from 1959 to 1974, the Supreme Court declined to accept an expansive reading of Cole in the context of the Louisiana Comparative Fault Law (LCFL). The court applied the LCFL, enacted by Act 431 of 1979 and effective August 1, 1980, to the claim, since the cause of action arose in 2002 upon decedent’s demise.
In the instant case, like both Walls and Landry, the relevant statute did not contain the unique language of the LCFL. Just as it was clear in Walls and Landry that the event most relevant to the wrongful death action was the decedent’s death and not his initial exposure to asbestos, so also it is clear that the event most relevant to the release was the execution of the release itself. Because the release [4is a contract, separate and apart from the underlying damages that formed the consideration for the contract, we are guided by the nature of the release as a contract, deriving its validity and consequences from the law in effect at the time of its confection, and by the Supreme Court’s expressed reluctance to read its Cole decision in an expansive manner in reaching our decision.
For the foregoing reasons, we grant the relators’ writ application and reverse the trial court’s judgment of July 2, 2004 granting the relators’ motion for partial summary judgment, and remand to the trial court for further proceedings consistent with this writ disposition.
WRIT GRANTED; PARTIAL SUMMARY JUDGMENT REVERSED; REMANDED TO TRIAL COURT.
MURRAY, J., concurs and assigns reasons.

. Such a reservation of rights is not required by Texas law.

. A similar view is expressed in the dissent in Hebert v. Anco Insulation, Inc., infra. That “no reservation of rights was required in the settlement documents.”